**J. OTIS SIMS and MRS. J. OTIS SIMS, his wife, v. C. B. PALMER**

35 So. (2nd) 841 June Term, 1948
June 22, 1948 Division B
Rehearing denied July 3, 1948

618

*Marion B. Knight,* for appellants.
*Wm. J. Oven, Jr.,* for appellee.

BARNS, J.:

In 1926 S. H. Yon purchased the property in question and executed a purchase money mortgage in the amount of $750.00. After $500.00 had been paid on the principal, S. H. Yon went into bankruptcy and abandoned the property. Thereafter a "1942 tax certificate" was issued and acquired by J. Otis Sims, appellant. On May 7, 1945, based on this certificate, a tax deed was issued to appellant, Sims, by the Clerk of the Circuit Court.

On June 4, 1945, Sims procured a quitclaim deed from S. H. Yon, the former owner.

On December 13, 1946, the appellee, C. B. Palmer, the holder of the purchase money mortgage, filed his bill to foreclose his mortgage.

Upon the facts above stated the Chancellor entered a decree of foreclosure and Sims appealed the decree for review.

There was no allegation or charge of fraud. The tax title evidenced by the deed from the Clerk of the Circuit Court was a new and independent title and the procuring of a quitclaim deed free of fraud on the mortgagee was not sufficient to justify the court in entering a decree of foreclosure.

The appellee places reliance for the support of the Chancellor's final decree upon the case of Torreyson v. Dutton, 137 Fla. 683, 188 So. 805, 190 So. 430. This is a case as follows:

Mollie Dutton and husband gave a mortgage to Lacy, who assigned the mortgage to Torreyson and Torreyson assigned the mortgage to Douglas. While Douglas was the holder of the mortgage, one Nason acquired a tax certificate. Douglas was made a party to the tax foreclosure suit and pursuant to a decree of court the property was sold and purchased by Nason. A master's deed conveyed the property to Nason,

who conveyed to Lowe in 1932 and Lowe conveyed to Mollie Dutton, the original owner and mortgagor, in 1937;

In 1938 Douglas reassigned his mortgage to Torreyson, who brought suit against Dutton, the original mortgagor, to foreclose the mortgage;

Fraud was the basis of relief in the *Torreyson* case according to the bill, which charged:

" . . . Complainant would further show and allege the fact to be that the foreclosure suit and sale heretofore described in this suit was *fraudulent* and made with intent to divest and wipe out the mortgage lien represented by the mortgage described and that the conveyance from the said A. R. Nason to F. S. Lowe and from F. S. Lowe to the defendant, Mollie Dut.ton, was all part of a scheme and collusion which the said Mollie Dutton had devised for the purpose of acquiring the said property free and clear of the lien of the mortgage involved in this suit and of divesting the owner and holder of said mortgage of the lien without making payment thereon as required therein. . . . The foreclosure suit described was a friendly suit and for the purpose of divesting the lien of said mortgage and was not in good faith but was brought in *collusion* with said Mollie Dutton and her husband, Ralph J. Dutton, for the purpose of divesting the lien of the mortgage involved in this suit. . . . "

The Chancellor found for the defendants and was reversed on appeal. The language of the opinion in the Torreyson case must be considered as applied to the facts of the case before the court.

The irregularities relating to the validity of the tax deed seem not to be fatal. See Adams v. Fielding, 148 Fla. 552, 4 So. (2nd) 678.

Reversed.

THOMAS, C. J., ADAMS and HOBSON, JJ., concur.